# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| GREGORY G. WHITE, | : | |
| Petitioner, | : | Case No. 3:07cv00026 |
| vs. | : | District Judge Walter Herbert Rice |
| | | Magistrate Judge Sharon L. Ovington |
| TIM BRUNSMAN, Warden, | : | |
| Lebanon Correctional Institution, | | |
| | : | |
| Respondent. | | |
| | : | |

## REPORT AND RECOMMENDATIONS[1]

### I. BACKGROUND AND PROCEDURAL HISTORY

On December 9, 2004, White pled guilty to aggravated robbery and robbery and the trial court imposed an agreed sentence of eight years for aggravated robbery and two years for robbery to be served consecutively. The judgment entry of conviction and sentence was journalized on December 17, 2004.

On August 26, 2005, White moved to modify his sentence in the state trial court, which motion was overruled on May 12, 2005. A timely appeal of the judgment resulted in a July 24, 2006 decision of the Ohio Court of Appeals affirming the judgment of the

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

trial court. White unsuccessfully appealed to the Ohio Supreme Court, which declined jurisdiction on October 18, 2006.

White filed his federal habeas corpus petition in January 2007. (Doc. #1). The undersigned recommended in July of 2008 that the petition be denied. (Doc. #17). However, on September 22, 2008, White filed a motion to stay proceedings so that he could exhaust a claim based on *State v. Colon,* 118 Ohio St. 3d 26 (2008), decided on April 9, 2008. [2] On September 25, 2008, the District Court granted petitioner's motion to stay proceeding and also adopted the Report and Recommendations. (Doc. #20).

On September 4, 2008, White, pro se, filed a notice of appeal and a motion for leave to file a delayed appeal in the Second District, Ohio Court of Appeals. (Doc. # 25, Exhibit A). He raised the following proposed assignments of error:

1. Defendant-Appellant's Guilty Plea is Void where he was induced to plead guilty to an Indictment that failed to charge the offenses.

2. The trial court lacked subject matter jurisdiction to accept the plea or to render judgment. *State v. Cimpritz* (1953), 158 Ohio St. 490; *State v. Colon*, ____ Ohio St. 3d ____, 845 N.E. 2d 917 (2008), applied.

3. Defendant-appellant was deprived of the effective assistance of counsel in this case. *Strickland v. Washington*, 466 U.S. 668 (1984), applied.

4. Defendant appellant's judgment of conviction must be reduced to two counts of petty theft. Ohio Revised Code Section 2945.75(A)(1)(2) applied.

---

[2] In *State v. Colon*, 118 Ohio St. 3d 26 (2008) ("*Colon I*"), the Ohio Supreme Court held that an indictment for robbery in violation of R.C. 2911.02(A)(2) was defective because it failed to charge recklessness as the mens rea, which is an essential element of the crime.

On October 3, 2008, the Court of Appeals overruled White's motion, finding he failed to show good cause for a delayed appeal. (Doc. # 25, Exhibit D, Case No. 2008-CA-78). On October 31, 2008, White, pro se, filed a timely appeal to the Supreme Court of Ohio raising the following propositions of law in his memorandum in support of jurisdiction:

> 1. A denial of the absolute right to procedural due process of law is manifest where a court of appeals dismisses a motion for delayed appeal where the defendant alleged ineffective assistance of counsel as cause for delay and where he was not given notice of the right to appeal.
>
> 2. The trial court lacked subject matter jurisdiction to accept the pleas or to render judgment. *State v. Cimpritz* (1953), 158 Ohio St. 490 at Syllabus; *State v. Colon* (2008), ____ Ohio St. 3d ____, 882 N.E. 2d 917, applied.
>
> 3. Defendant appellant's judgment of conviction for aggravated robbery and robbery must be reduced to two counts of petty theft.
>
> 4. Defendant-appellant was deprived of the effective assistance of counsel in this case where counsel induced him to plead guilty to two offenses that he could not legally have been convicted of by bench or jury.

(Doc. #25, Exhibits E and F). On February 4, 2009, the Supreme Court of Ohio declined to exercise jurisdiction to hear the case and dismissed the appeal as not involving any substantial constitutional question. (Doc. #25, Exhibit G, Case No. 2008-2131).

On February 23, 2009, Petitioner moved to amend his habeas corpus petition. (Doc.# 23). This court subsequently vacated the stay and granted Petitioner's Motion to Amend his petition. (Doc. #24). Petitioner's amended petition sets forth the following

3

grounds for relief:

> **Ground Five**: Petitioner's conviction was obtained in violation of the Fourteenth Amendment to the United States Constitution.
>
> **Supporting Facts**: The State trial court lacked subject matter jurisdiction to accept the pleas or to render judgment.
>
> **Ground Six**: Petitioner was deprived of the effective assistance of counsel in violation of the Sixth & Fourteenth Amendments to the United States Constitution.
>
> **Supporting Facts**: Trial counsel in this case induced Petitioner to plead guilty to charges Petitioner could not have been convicted of by bench or jury.
>
> **Ground Seven**: Habeas Corpus relief must be permanent.
>
> **Supporting Facts**: Petitioner's case is deemed moot once he served the two six month judgments of sentence.(Doc. #23).

Thereafter, Petitioner filed another Motion for Leave to Amend Petition seeking to add a claim that his indictment should have charged a culpable mental state of "knowingly." (Doc. # 29). Respondent maintains that White's claims are barred by the applicable statute of limitations.

## II. Petitioner's Return to State Court and the Statute of Limitations

White's claims are governed by 28 U.S.C. § 2244(d)(1)(A), which provides that the statute of limitations begins to run from the date on which the challenged judgment became "final" by the conclusion of direct review or the expiration of time for seeking such review. In this case, White did not file a timely direct appeal from the challenged judgment of December 17, 2004. Petitioner's conviction became "final" for statute of

limitations purposes when the 30-day period expired for filing an appeal to the Ohio Court of Appeals on January 17, 2005. *See* Ohio R. App. P. 4(A)*; cf. Lucas v. Carter,* 46 F.Supp.2d 709, 711 (N.D. Ohio 1999). The period of limitation began to run on the following day. Fed. R. Civ. P. 6 (a); *Bronaugh v. Ohio,* 235 F.3d 280, 285 (6th Cir. 2000). Therefore, the statute of limitations commenced running on January 18, 2005 and ended one year later, on January 18, 2006, absent the application of the tolling provision set forth in 28 U.S.C. § 2244(d)(2) or any other applicable tolling principles.

During the one-year limitations period commencing January 18, 2005, White was entitled to the benefits of the tolling provision set forth in 28 U.S.C. § 2244(d)(2) based on any pending "properly filed" applications for state post-conviction relief or other collateral review. *See* 28 U.S.C. § 2244(d)(2); *Bennett v. Artuz,* 199 F.3d 116, 119 (2nd Cir. 1999), *aff'd,* 531 U.S. 4 (2000). "The tolling provision does not, however, 'revive' the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run. Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations." *Vroman v. Brigano,* 346 F.3d 598, 602 (6th Cir. 2003) (quoting *Rashid v. Khulmann,* 991 F. Supp. 254, 259 (S.D.N.Y. 1998)); *see Searcy v. Carter,* 246 F.3d 515, 519 (6th Cir.), *cert. denied,* 534 U.S. 905 (2001).

The statute of limitations ran for 220 days until it was tolled by petitioner's post conviction motion of August 26, 2005. The limitations period was tolled until October 18, 2006, when the Ohio Supreme Court declined review. The statute then ran for an

5

addition 145 days until it expired on March 12, 2007.

Petitioner filed his federal petition in January 2007. However, the time in which a habeas case has been pending in federal court is not statutorily tolled, *see Duncan v. Walker*, 533 U.S. 167 (2001), because a federal habeas petition is not an "application for State post-conviction or other collateral review" within the meaning of 28 U.S.C. § 2244(d)(2).

In this case, Petitioner filed his motion for delayed appeal in the Ohio Court of Appeals on September 4, 2008. A motion for a delayed appeal tolls the statute of limitations under 28 U.S.C. § 2244(d)(2), but is not part of the direct appeal for purposes of 28 U.S.C. § 2244(d)(1). *See DiCenzi v. Rose,* 452 F.3d 465, 468-469 (6th Cir. 2006). For that reason, a motion for delayed appeal tolls the running of the statute of limitations, but it does not cause the statute to begin running anew. Accordingly, White's motion and subsequent proceedings related to it failed to toll the running of the statute. Petitioner's amended claims are time barred.

Petitioner is not eligible for the alternative starting date under 28 U.S.C.§ 2244(d)(1)(C), the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review. The provision is inapplicable because *Colon* is not a decision of the United States Supreme Court and in any event, the Ohio Supreme Court has held that it may only be applied

prospectively. *See State v. Colon,* 119 Ohio St. 3d 204(2008) (*Colon* II).

Petitioner is similarly not entitled to the starting date under § 2244(d)(1)(D), the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence. The absence of the *mens rea* element was evident from the face of the indictment and should have been discovered prior to the entry of the plea. Any claim that the guilty plea was involuntary because petitioner lacked notice of the intent element of his crime is unrelated to the *Colon* decision. Although *Colon* may not have been decided until 2008, the factual basis of petitioner's claims was available significantly before then.

**III.    Petitioner's Newly Asserted Claims Do Not Relate Back and Are Time-Barred**

Fed. R. Civ. P. 15 is applicable to federal habeas corpus proceedings. *Mayle v. Felix,* 545 U.S. 644, 655, 125 S.Ct. 2562(2005). The Supreme Court has clarified that in the context of federal habeas proceedings governed by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1), an amendment to the petition to add untimely claims is permitted under Fed. R. Civ. P. 15(c)(2) only when the proposed claims "arise from the same core facts as the timely filed claims, and not when the new claims depend upon events separate in 'both time and type' from the originally raised episodes." *Mayle,* 545 U.S. at 657. In other words, "[a]n amended petition … does not relate back (and thereby escape the. . . one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." *Id*. at

7

650. In the habeas corpus context, relation back is allowed when the original and amended petition state claims that are "tied to a common core of operative facts." *Id.* at 647. An amendment does not relate back when "it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." *Id.* at 650; *Wiedbrauk v. Lavingne,* 174 Fed. Appx. 993, 1001-02 (6th Cir. 2006).[3]

Respondent contends that Petitioner's new claims are not tied to a common core of operative facts with his original claims so as to save his new claims from the statute of limitations.

---

[3] Petitioner's original petition set forth the following grounds for relief:

| | |
|---|---|
| Ground One: | Sentence void under 6th & 14th Amendment[s], U.S. Constitution. |
| Supporting Facts: | State sentencing court used judicial factfindings to enhance sentence beyond statutory maximum/minimum if three (3) years contrary to clearly established federal law of *Blakely v. Washington*, 124 S.Ct. 2531 (2004). |
| Ground Two: | Ineffective assistance of trial counsel. |
| Supporting Facts: | Trial counsel failed to allocute Petitioner's sentence pursuant to *Blakely v. Washington*, although the *Blakely* decision was rendered on June 24, 2004 and Petitioner was sentenced on December 9, 2004 (old law vis-a-vis new law). |
| Ground Three: | State Court judgment contrary to clearly established federal law as determined by U.S. Supreme Court. |
| Supporting Facts: | State appellate court denied relief based solely on the fact that the sentence was an agreed to sentence, when as a matter of fact no agreed sentence was ever executed thereby demonstrating that state appellate court decision was based on information known only by that court in violation of *Tumey v. Ohio* (structural defect). |
| Ground Four: | Federal habeas corpus relief must be made permanent. |
| Supporting Facts: | No state court remedy exists to remedy *Blakely* violation in light of *State v. Foster*, (2006), 109 Ohio St.3d 1, because *Foster* violates *ex post facto* & double jeopardy protections if habeas corpus remands for re-sentencing. (Doc. #1). |

Petitioner claims that his new claims are tied to a common core of operative facts in that he asserted that his conviction and sentence were void due to judicial fact-finding in violation of *Blakely v. Washington*, 124 S. Ct. 2531 (2004), and his new claims assert that his conviction and sentence are void because the indictment failed to allege a culpable mental state.

Petitioner's amended petition and proposed third amendment include claims challenging his indictment and his counsel's failure to object to it. He also challenges the voluntariness of his plea and the state trial court's jurisdiction to try him. Petitioner's claims in the original petition involved allegations challenging his sentence under *Blakely* and counsel's failure to object to his sentence pursuant to *Blakely*.

Petitioner's new claims rely on entirely different facts than the original grounds in the petition. Because the new claims rely on an entirely different set of facts, the claims do not relate back to the original petition for purposes of determining their timeliness under the statute of limitations and are therefore, time-barred. Because Petitioner's proposed amended claim does not relate back to his original Petition, his Motion to Amend (Doc. #29) should be denied because any amendment would be futile. *See Wiedbrauk v. Lavigne*, 174 Fed. Appx. 993, 1001-02 (6th Cir. 2006) (applying *Mayle v. Felix*); *see also Oleson v. United States*, 27 Fed. Appx. 566, 571 (6th Cir. 2001)(28 U.S.C. §2255 case: denying motion to amend under Rule 15 where amendment would be futile).

9

## IV. Petitioner's Jurisdictional Challenges Lack Merit

In support of his argument that the indictment's omission of a material element of the offense sought to be charged deprived the trial court of subject matter jurisdiction to rule in the matter, Petitioner cites *State v. Cimpritz* (1953), 158 Ohio St. 490, 110 N.E.2d 416. The syllabus to *Cimpritz* states, in pertinent part: "A judgment of conviction based on an indictment which does not charge an offense is void for lack of jurisdiction of the subject matter and may be successfully attacked either on direct appeal to a reviewing court or by a collateral proceeding." *Cimpritz* essentially held that a judgment of conviction based on an indictment that omits a material element of the offense does not charge an offense, id. at 493-494, and, therefore, is void for lack of subject matter jurisdiction. *Id.* at paragraph six of the syllabus.

However, paragraph six of the syllabus in *Cimpritz* was subsequently "explained and distinguished" in *Midling v. Perrini* (1968), 14 Ohio St.2d 106, 236 N.E.2d 557, syllabus, wherein the court rejected an attempt by a defendant to collaterally attack his conviction in a habeas corpus proceeding on the basis that the indictment from which his conviction arose did not state an offense. *Id*. at 106-107. In support, the *Midling* court noted that it had previously held that where a defendant pled guilty to an offense and then was sentenced for it, the defendant was not permitted to collaterally attack his conviction on the ground that the indictment for the offense failed to state one or more essential elements of the offense. *Id*. at 107, citing *Evans v. Sacks* (1962), 173 Ohio St. 116, 180 N.E.2d 151;

*Mills v. Maxwell* (1963), 174 Ohio St. 523, 190 N.E.2d 264; and *Perry v. Maxwell* (1963), 175 Ohio St. 369, 195 N.E.2d 103. The court noted that such an indictment could only be attacked on direct appeal. Id. at 107, citing *State v. Perry* (1967), 10 Ohio St.2d 175, 226 N.E.2d 104. *Midling* makes clear that a judgment of conviction arising from an indictment that omitted a material element of the charged offense is *not* void for lack of subject matter jurisdiction, but, instead, is merely voidable on a direct appeal from that judgment of conviction. *See id.* at 107.

Petitioner also relies on *State v. Colon*, 118 Ohio St. 3d 26 (2008) ("*Colon I*") in support of his argument that the state court lacked jurisdiction to accept his guilty plea. In *Colon*, the Ohio Supreme Court held that an indictment for robbery in violation of R.C. 2911.02(A)(2) was defective because it failed to charge recklessness as the mens rea, which is an essential element of the crime. Subsequently, the Ohio Supreme Court issued *State v. Colon*, 119 Ohio St.3d 204, 2008 Ohio 3749, 893 N.E.2d 169 ("*Colon II*"), a reconsideration of its holding in *Colon I*. In *Colon II*, the Court limited the holding of *Colon I* to "rare cases, *** in which multiple errors at the trial follow the defective indictment." Id. Ohio courts have declined to extend *Colon* to cases in which the defendant pled guilty to the indictment. *State v. Hayden*, Cuyahoga App. No. 90474, 2008 Ohio 6279; *State v. Lawrence*, Cuyahoga App. Nos. 90977 and 90978, 180 Ohio App. 3d 468, 2009 Ohio 33, 905N.E.2d 1268. Petitioner's reliance on *Colon I* is misplaced.

Petitioner appears to argue that the lack of subject matter jurisdiction by the state

11

court renders this case moot. He implies that he is entitled to release from incarceration because he has already served the minimal term for a petty theft offense. However, Ohio law does not support his argument that an allegedly defective indictment deprives the state court of jurisdiction. The trial court had jurisdiction over White's case pursuant to Ohio Revised Code § 2931.03, which gives the courts of common pleas jurisdiction over criminal cases.

Moreover, Petitioner's claims are waived by his guilty plea. By pleading guilty, a defendant waives all non-jurisdictional defects in the proceedings. *United States v. Pickett,* 941 F.2d 411, 416 (6th Cir. 1991). "When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." *Tollett v. Henderson,* 411 U.S. 258, 267 (1973); *see McMann v. Richardson,* 397 U.S. 759, 768-69, 771 (1970); *Campbell v. Marshall,* 769 F.2d 314, 315, 318-19 (6th Cir. 1985), *cert. denied,* 475 U.S. 1048 (1986). Rather, he may only seek to attack the validity of his guilty plea by showing that under the circumstances, his guilty plea was not intelligently and voluntarily entered. *Id.* Since petitioner's challenge to the indictment is not a jurisdictional defect and relates to an alleged deprivation occurring before he entered his plea, the issue is waived by the guilty plea.

A claim of ineffective assistance of counsel which relates to deprivations of

constitutional rights occurring before petitioner entered his guilty plea is similarly waived by pleading guilty. *See Suttles v. Wolfe,* No. 1:06cv55 (S.D. Ohio May 31, 2007) (Report and Recommendation at 22), *adopted,* 2007 U.S. Dist. LEXIS 51657 (S.D. Ohio July 17, 2007); *Wilburn v. Houk,* No. 1:02cv860, 2005 U.S. Dist. LEXIS 43403, at *29-30 (S.D. Ohio April 13, 2005) (Report and Recommendation), *adopted*, 2005 U.S. Dist. LEXIS 43397 (S.D. Ohio May 5, 2005).

The conclusions reached herein are not debatable by jurists of reason and do not otherwise present issues adequate to deserve encouragement to proceed further. Consequently, a certificate of appealability should not issue.

**IT IS THEREFORE RECOMMENDED THAT:**

1. White's Motion to Amend (Doc. #29) be DENIED;

2. White's remaining claims be dismissed;

3. A certificate of appealability under 28 U.S.C. §2253(c) not issue; and

4. This case be terminated on the docket of this Court.

May 7, 2010

                                              s/Sharon L. Ovington
                                                Sharon L. Ovington
                                         United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).